1  ROGER L. GRANDGENETT II, ESQ., Bar # 6323
   AMY L. BAKER, ESQ., Bar # 11907
2  LITTLER MENDELSON, P.C.
   3960 Howard Hughes Parkway
3  Suite 300
   Las Vegas, NV  89169-5937
4  Telephone:    702.862.8800
   Fax No.:       702.862.8811
5
   Attorneys for Defendant
6  CORRECTIONS CORPORATION OF AMERICA
   *dba* NEVADA SOUTHERN DETENTION CENTER
7

8              UNITED STATES DISTRICT COURT

9                  DISTRICT OF NEVADA

10

11 | LEEANN E. ARCHULETA; and           | Case No. 2:15-cv-01608-MMD-VCF
12 | MICHAEL B. DICKENS,                |
13 |          Plaintiffs,               | [PROPOSED] **STIPULATION AND**
14 | vs.                                | **ORDER TO STAY DISCOVERY**
15 | CORRECTIONS CORPORATION OF         |
   | AMERICA, a Maryland corporation,   |
16 | doing business as NEVADA SOUTHERN  |
   | DETENTION CENTER,                  |
17 |          Defendant.                |

18

19     Defendant CORRECTIONS CORPORATION OF AMERICA *dba* NEVADA

20 SOUTHERN DETENTION CENTER and Plaintiffs LEEANN E. ARCHULETA and MICHAEL

21 B. DICKENS, by and through their respective attorneys, stipulate and agree to stay discovery until

22 the Court has ruled on Defendant's Motion to Dismiss Plaintiff's Complaint in its entirety (Doc.

23 10).

24 . . .

25 . . .

26 . . .

27

28

LITTLER MENDELSON, P.C.
ATTORNEYS AT LAW
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV  89169-5937
702.862.8800

Counsel for Plaintiffs and Defendant held a Rule 26(f) conference on December 21, 2015. In the Rule 26(f) conference, it was discussed and agreed that a stay of discovery was warranted in this matter, pending a ruling on Defendant's Motion to Dismiss.[1]

In assessing a request to stay discovery, the Court decides whether it is necessary to speed the parties along in discovery or whether it is more appropriate to delay discovery and spare the parties the associated expense. *Tradebay, LLC, v. Ebay, Inc.*, 278 F.R.D. 597, 603 (D. Nev. 2011). To make this assessment, the court takes a "preliminary peek" at the merits of the purportedly dispositive motion, though, importantly, this "preliminary peek" does not prejudge the outcome of the motion, it merely evaluates whether an order staying discovery is warranted. *Id.* The merits of the pending motion will ultimately be determined by the district judge, who may have a different view than the magistrate judge. *Id.*

Defendant's Motion is of the type warranting a stay in discovery. First, Defendant contends that Plaintiffs' negligence claims are not only deficient as plead under *Iqbal* and *Twombly*, but are also barred by the exclusive remedy provision of the Nevada Industrial Insurance Act. As such, Defendant contends these claims must be dismissed with prejudice. Accordingly, requiring the parties to conduct discovery on claims that may not be curable by amendment would cause an unnecessary expense on the parties and could potentially clog the Court's docket with discovery disputes related to these claims. Second, Defendant also contends that Plaintiff's other claims must be dismissed for failure to state a valid claim for relief. Defendant anticipates many of these claims also cannot be cured by amendment. Third, because Defendant has moved to dismiss the entire case, Plaintiffs have not been apprised of which factual allegations Defendant intends to admit, and which Defendant intends to deny. Nor have Plaintiffs been apprised of the defenses Defendant intends to assert. Plaintiffs believe this would severely limit their opportunity to conduct full discovery while the motion is pending.

---

[1] The parties agreed that the discovery stay will include initial disclosures, however the parties agreed to exchange informal initial disclosures prior to the ENE, to include a damages computation and disclosure of any relevant insurance information.

2.

LITTLER MENDELSON, P.C.
ATTORNEYS AT LAW
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV  89169-5937
702.862.8800

1  Plaintiff disputes the legal arguments made in Defendant's Motion to Dismiss, however, the
2  parties agree that the motion is of the type warranting a stay of discovery and that discovery is not
3  necessary while the Court resolves the legal issues raised by the motion.  Moreover, counsel for
4  Plaintiff has scheduling conflicts for much of January and February, 2016.  Therefore, the parties
5  jointly request the Court to stay discovery while the motion to dismiss is pending.

6  Accordingly, the parties request discovery be stayed until the Court has ruled on Defendant's
7  Motion to Dismiss (Doc. 10).  If the complaint is not dismissed in its entirety, the parties will submit
8  a stipulated discovery plan and scheduling order within 14 days of the Court's ruling on Defendant's
9  Motion.

Dated:  December 22, 2015                                          Dated:  December 22, 2015

Respectfully submitted,                                              Respectfully submitted,


/s/ Robert P. Spretnak                                                  /s/ Amy L. Baker
ROBERT P. SPRETNAK, ESQ.                                   ROGER L. GRANDGENETT II, ESQ.
LAW OFFICES OF ROBERT P.                                    AMY L. BAKER, ESQ.
SPRETNAK                                                                  LITTLER MENDELSON, P.C.

Attorney for Plaintiffs                                                   Attorneys for Defendant
LEEANN E. ARCHULETA and                                      CORRECTIONS CORPORATION OF
MICHAEL B. DICKENS                                                AMERICA *dba* NEVADA SOUTHERN
                                                                                    DETENTION CENTER


**ORDER**

**IT IS SO ORDERED.**

Dated: December 28, 2015.


_____
UNITED STATES MAGISTRATE JUDGE

IT IS FURTHER ORDERED that a status conference is scheduled for
1:00 p.m., June 6, 2016, in courtroom 3D.


Firmwide:137675773.1 057737.1056

LITTLER MENDELSON, P.C.
ATTORNEYS AT LAW
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV  89169-5937
702.862.8800

3.