ROGER L. GRANDGENETT II, ESQ., Bar # 6323
Z. KATHRYN BRANSON, ESQ., Bar # 11540
LITTLER MENDELSON, P.C.
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV 89169-5937
Telephone: 702.862.8800
Fax No.: 702.862.8811
Email: rgrandgenett@littler.com
kbranson@littler.com

Attorneys for Defendant,
CORRECTIONS CORPORATION OF AMERICA

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

LEEANN E. ARCHULETA; and
MICHAEL B. DICKENS,

Plaintiffs,

vs.

CORRECTIONS CORPORATION OF
AMERICA, a Maryland corporation, doing
business as NEVADA SOUTHERN
DETENTION CENTER,

Defendant.

Case No. 2:15-cv-01608-MMD-VCF

**STIPULATED PROTECTIVE ORDER**

Plaintiffs LEEANN E. ARCHULETA and MICHAEL B. DICKENS, and Defendant CORECIVIC, formerly known as CORRECTIONS CORPORATION OF AMERICA doing business as NEVADA SOUTHERN DETENTION CENTER (collectively referred to as the "parties"), by and through their respective counsel of record, hereby stipulate that in order to protect the confidentiality of confidential information produced by the parties in connection with this case, the parties agree as follows:

1. Any party may designate as "confidential" (by stamping the relevant page or labeling the item or as otherwise set forth herein) any item, piece of information, document or response to discovery, which that party considers in good faith to contain information involving: personal and confidential information of third-parties or non-parties; trade secrets; or sensitive

and/or confidential business or financial information of the parties that is subject to protection under the Federal Rules of Civil Procedure or Nevada law ("Confidential Information"). Where a document or response consists of more than one page, the first page and each page on which Confidential Information appears shall be so designated.

2. A party may designate documents, items, or information disclosed during a deposition and/or in response to written discovery as "confidential" by so indicating in said response, or on the record at the deposition and requesting the preparation of a separate transcript of such material. Additionally, a party may designate in writing, within twenty (20) days after receipt of said responses or of the deposition transcript for which the designation is proposed, that specific pages of the transcript and/or specific responses be treated as Confidential Information. Any other party may object to such proposal, in writing or on the record. Upon such objection, the parties shall follow the procedures described in paragraph 8 below. After any designation made according to the procedure set forth in this paragraph, the designated documents or information shall be treated according to the designation until the matter is resolved according to the procedures described in paragraph 8 below, and counsel for all parties shall be responsible for making all previously unmarked copies of the designated material in their possession or control with the specified designation. Any medical records produced pursuant to an "Authorization for Release of Protected Health Information," or similar release signed for the production of medical records, are designated "confidential" for purposes of this Stipulation even without the labeling set forth in Paragraph 1.

3. All Confidential Information produced or exchanged in the course of this case (other than information that is publicly available) shall be used by the party to whom the information is produced solely for the purpose of this case.

4. Except with the prior written consent of other parties, or upon prior order of this Court obtained upon notice to opposing counsel, Confidential Information shall not be disclosed to any person other than:

(a) the parties to this litigation and their respective counsel, including in-house counsel and co-counsel retained for this litigation;

(b) employees of such counsel;

(c) any officer or employee of a party, to the extent deemed necessary by Counsel for the prosecution or defense of this litigation;

(d) consultants or expert witnesses retained for the prosecution or defense of this litigation, provided that each such person shall execute a copy of the Certification attached to this Order as Exhibit "A" (which shall be retained by counsel to the party who disclosed the Confidential Information and shall be made available for inspection by opposing counsel during the pendency of the case);

(e) any authors or recipients of the Confidential Information;

(f) the Court, Court personnel, and court reporters; and

(g) witnesses (other than persons described in paragraph 4(e)). A witness shall sign the Exhibit A Certification before being shown a confidential document. Confidential Information may be disclosed to a witness who will not sign the Certification only in a deposition at which the party who designated the Confidential Information is represented or has been given notice that Confidential Information shall be designated "Confidential" pursuant to paragraph 2 above. Witnesses shown Confidential Information shall not be allowed to retain copies.

5. Any persons receiving Confidential Information shall not reveal or discuss such information to or with any person who is not entitled to receive such information, except as set forth herein.

6. A party seeking to file a document with Confidential Information under seal must file a motion to seal that complies with the requirements of LR IA 10-5 and the directives set forth in *Kamakana v. City and County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006).

7. A party may designate as "Confidential" documents or discovery materials produced by a non-party by providing written notice to all parties of the relevant document numbers or other identification within thirty (30) days after receiving such documents or discovery materials. Any party may voluntarily disclose to others without restriction any information designated by that party as confidential, although a document may lose its confidential status if it is made public.

LITTLER MENDELSON, P.C.
ATTORNEYS AT LAW
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV 89169-5937
702.862.8800

3.

8. If a party contends that any material is not entitled to confidential treatment, such party may at any time give written notice to the party who designated the material. The party who designated the material shall have twenty (20) days from the receipt of such written notice to apply to the Court for an order designating the material as confidential. The party seeking the order has the burden of establishing that the document is entitled to protection.

9. Notwithstanding any challenge to the designation of material as Confidential Information, all documents or items designated as confidential shall be treated as such and shall be subject to the provisions hereof unless and until one of the following occurs:

   (a) the party that claims that the material is Confidential Information withdraws such designation in writing; or

   (b) the party that claims that the material is Confidential Information fails to apply to the Court for an order designating the material confidential within the time period specified above after receipt of a written challenge to such designation; or

   (c) the Court rules the material is not confidential.

10. All provisions of this Order restricting the communication or use of Confidential Information shall continue to be binding after the conclusion of this action, unless otherwise agreed or ordered. Upon conclusion of the litigation, a party in the possession of Confidential Information, other than that which is contained in pleadings, correspondence, and deposition transcripts, shall either (a) return such documents or items no later than twenty (20) days after conclusion of this action to counsel for the party who provided such information, or (b) destroy such documents within the time period upon consent of the party who provided the information and certify in writing within twenty (20) days that the documents have been destroyed.

11. The terms of this Order do not preclude, limit, restrict, or otherwise apply to the use of documents at trial.

///

///

///

///

LITTLER MENDELSON, P.C.
ATTORNEYS AT LAW
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV 89169-5937
702.862.8800

12. Nothing herein shall be deemed to waive any applicable privilege or work product protection, or to affect the ability of a party to seek relief for an inadvertent disclosure of material protected by privilege or work product protection.

Dated: December 21, 2018

Respectfully submitted,

/s/ Robert P. Spretnak, Esq.
ROBERT P. SPRETNAK, ESQ.
LAW OFFICES OF ROBERT P. SPRETNAK

Attorney for Plaintiffs
LEEANN E. ARCHULETA and
MICHAEL B. DICKENS

Dated: December 21, 2018

Respectfully submitted,

/s/ *Roger L. Grandgenett, II, Esq.*
ROGER L. GRANDGENETT II, ESQ.
Z. KATHRYN BRANSON, ESQ.
LITTLER MENDELSON, P.C.

Attorneys for Defendant,
CORRECTIONS CORPORATION OF AMERICA

## ORDER

**IT IS SO ORDERED.**

Dated: 12/21, 2018.

UNITED STATES MAGISTRATE JUDGE

FIRMWIDE:161016828.1 057737.1056

LITTLER MENDELSON, P.C.
ATTORNEYS AT LAW
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV 89169-5937
702.862.8800

5.

# EXHIBIT A

# CERTIFICATION

I hereby certify my understanding that Confidential Information is being provided to me pursuant to the terms and restrictions of the Protective Order in LEEANN E. ARCHULETA; and MICHAEL B. DICKENS v. CORECIVIC, formerly known as CORRECTIONS CORPORATION OF AMERICA, a Maryland corporation, doing business as NEVADA SOUTHERN DETENTION CENTER, Case No. 2:15-cv-01608-MMD-VCF. I have been given a copy of that Order and read it. I agree to be bound by the Order. I will not reveal the Confidential Information to anyone, except as allowed by the Order. I will maintain all such Confidential Information – including copies, notes, or other transcriptions made therefrom – in a secure manner to prevent unauthorized access to it. No later than thirty (30) days after the conclusion of this action, I will return the Confidential Information – including copies, notes or other transcriptions made therefrom – to the counsel who provided me with the Confidential Information. I hereby consent to the jurisdiction of the United States District Court for the purpose of enforcing the Protective Order.

DATED: _____     _____

FIRMWIDE:161029925.1 057737.1056

LITTLER MENDELSON, P.C.
ATTORNEYS AT LAW
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV 89169-5937
702.862.8800