**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

**\*\*\***

| | |
|---|---|
| LEEANN E. ARCHULETA, *et al.*, <br><br>　　　　Plaintiffs, <br><br>vs. <br>CORRECTIONS CORPORATION OF AMERICA, <br><br>　　　　Defendant. | 2:15-CV-01608-MMD-VCF <br>**REPORT AND RECOMMENDATION** |

　　Before the Court is *LeeAnn E. Archuleta*, *et al.*, *vs. Corrections Corporation of America*, case number 2:15-cv-01608-MMD-VCF.

　　The court had ordered Plaintiff Michael B. Dickens to either retain counsel or file a notice of appearing pro se by February 25, 2019. (ECF NO. 69). Dickens failed to comply with ECF NO. 69.

　　The court received a notice from Dickens stating that he does not have legal counsel nor does he wish to pursue the instant case. (ECF NO. 73). Defendants filed a limited opposition, asking the Court for an order dismissing Dickens with prejudice. (ECF No. 76).

　　On April 1, 2019, the court held a show cause hearing and Dickens was ordered to appear by telephone at the hearing; yet, he failed to appear. (ECF No. 71, 72, 74).

　　The Court has clear authority to dismiss the case for failure to cooperate in the progress of the litigation. "This power is necessary to prevent undue delays in the disposition of pending cases, docket congestion, and the possibility of harassment of the Defendant." *Mederios v. United States*, 621 F.2d 468, 470 (1st Cir. 1980). To be sure, "[all litigants, including *pro ses*, have an obligation to comply with court

orders." *Minotti v. Lensink*, 895 F.2d 100, 103 (2d Cir. 1990)(per curiam). Thus, when they flout the obligation to comply with court orders they, like all litigants, must suffer the consequences of their non-compliance. *See McDonald v. Miegel*, 850 F.2d 121, 124 (2d Cir. 1988). Further, the Court need not always exhaust every sanction short of dismissal before final action. *Edelson v. Commissioner*, 829 F.2d 828, 831 (9th Cir. 1987). Such a decision lies within the discretion of this Court. *See National Hockey League v. Metropolitan Hockey Club. Inc.*, 427 U.S. 639, 642 (1976); *Link v. Wabash R. Co.*, 370 U.S. 628 (1962) (affirming district court's dismissal under Rule 41(b) after plaintiff's attorney failed to appear at a pretrial conference).

Here, Dickens had notice of this Court's order and chose not to comply. (ECF No. 73). The court finds that Dickens's failure to appear at the April 1st hearing was a failure to comply with a court order, such that this case should be dismissed with prejudice pursuant to Rule 41.

Accordingly, IT IS RECOMMENDED, that Plaintiff Dickens' Complaint be dismissed with prejudice for failure to obey the court's order and failure to prosecute this case. Judgment should be entered on all Plaintiff Dickens' claims in favor of Defendants.

The Clerk of Court is directed to mail a copy of this order to the following address:

Michael B. Dickens
3830 Grapevine Street
Houston, TX 77045

**NOTICE**

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the

right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

Pursuant to Local Special Rule 2-2, the Plaintiff must immediately file written notification with the court of any change of address.  The notification must include proof of service upon each opposing party of the party's attorney.  Failure to comply with this Rule may result in dismissal of the action.  *See* LSR 2-2.

DATED this 2nd of April, 2019.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE